Filed 7/2/21  P. v. Morgan CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080244 |
| Plaintiff and Respondent, | (Kern Super. Ct. No. RF008071A) |
| v. | |
| CHELSI DNAE MORGAN, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Chelsi Dnae Morgan pleaded no contest to arson, and she was placed on probation. On appeal, her appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On July 24, 2018, at 10:49 a.m., an officer responded to a dispatch about a vehicle fire in Ridgecrest. The officer arrived at defendant's residence and determined the burning vehicle belonged to defendant's husband. Defendant had reported the fire. The fire department was on the scene and extinguished the fire.

When the officer spoke to defendant, she exhibited signs of alcohol intoxication. Defendant stated her husband's vehicle had been parked in front of the house. At 10:00 p.m., she unplugged the battery charging cable that had been connected to the vehicle. She saw a spark from the bottom of the vehicle but went inside the residence and went to bed. A short time later, she smelled smoke and observed the vehicle was on fire. At 10:06 p.m., defendant called 911 and reported she was locked out of her residence.

As the investigation continued, the defendant became uncooperative and angry. Defendant was arrested. She was questioned further and continued to provide contradictory statements. The officer found two lighters outside the residence. The fire department determined the fire was not accidental, and an arson investigation was initiated.

Defendant's husband stated he contacted defendant at approximately 10:00 p.m. in the front yard of the residence, and she was heavily intoxicated. He left the residence to

---

[1] The facts are from the probation report's summary of the police reports, which the parties stipulated to as the factual basis for defendant's plea.

avoid an argument with defendant. He said the vehicle had been disabled for five months and there was no reason to believe the fire resulted from a mechanical error.

On July 25, 2018, defendant confessed to the arson investigator that she started the vehicle fire.

## PROCEDURAL BACKGROUND

On October 30, 2018, a felony complaint was filed in the Superior Court of Kern County that charged defendant with count 1, arson causing injury to another person or another person's property (Pen. Code, § 451, subd. (d)).[2]

On December 18, 2018, the court issued and served defendant with a criminal protective order prohibiting contact with the victim, not to own or possess any firearms, and to surrender any firearms (§ 136.2).

On March 19, 2019, defendant waived the preliminary hearing and pleaded no contest to count 1, felony arson, for an indicated sentence of two years on probation and no jail time; with the agreement that after her successful completion of probation, defendant would withdraw her plea to count 1 and then plead to a newly filed charge of count 2, misdemeanor vandalism of an amount greater than $400 (§ 594, subd. (b)(1)).

On May 20, 2019, the court convened the scheduled sentencing hearing. Defendant objected to the terms of probation because it included the completion of a domestic violence program and 100 hours of community service. Thereafter, the court granted defendant's motion to withdraw her guilty plea and issued another criminal protective order.

On August 1, 2019, defendant again waived a preliminary hearing and entered into a negotiated disposition. She pleaded no contest to count 1, felony arson, with an indicated sentence of felony probation for three years subject to certain terms and

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

conditions, including serving no more than one year in jail. The parties stipulated to the police reports for the factual basis for the plea.

On September 10, 2019, the court held the sentencing hearing. It found aggravating circumstances that defendant committed the instant offense while on misdemeanor probation in two cases, her prior performance on probation in two cases was unsatisfactory, and she intentionally set the fire at a time when high winds could have spread it; and one mitigating circumstance that her prior performance in another misdemeanor probation case was satisfactory. The court advised defendant she was "getting a huge break," and it would impose a prison term if she violated the terms of probation.

The court suspended imposition of sentence and placed defendant on formal probation for three years, subject to terms and conditions including serving the first 180 days of that period in jail, and warned defendant that she would violate probation if she failed to turn herself in as ordered; plus 100 hours of community service, completion of outpatient substance abuse counseling, and completion of a one-year batterer's treatment program. The court issued another protective order prohibiting contact with the victim.

On November 6, 2019, defendant filed a notice of appeal from the judgment entered on September 10, 2019.[3]

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised she could file her own brief with this court. By letter on October 5, 2020, we invited defendant to submit additional briefing. To date, she has not done so.

---

[3] The record contains a minute order for October 31, 2019, that states a bench warrant was issued for defendant's arrest because she failed to report as ordered to serve the jail commitment, she was booked into custody on October 18, 2019, and the court summarily revoked defendant's probation when she was returned to court.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.